**Kuldip SINGH; Gurjinder Singh; Amritpal Singh; Inderjit Kaur, Petitioners,**

**v.**

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–70577.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Pardeep Singh Grewal, Oakland, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, S. Nicole Nardone, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Kuldip Singh,[1] a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the credibility findings of the BIA under the "substantial evidence" standard. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). To the extent the BIA adopted the IJ's findings and reasoning, we review the IJ's decision as if it were the decision of the BIA. *Id.* at 1150. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, based on the inconsistencies within Singh's testimony regarding when he began his affiliation with the Akali Dal Mann party and his activities on behalf of the group. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004); *Singh–Kaur v. INS*, 183 F.3d at 1151–52. Singh has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he also failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Because Singh's CAT claim is based on the same testimony the IJ found incredible, the IJ properly denied his CAT claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claims of Singh's wife and children are derivative of his claim. 8 U.S.C. § 1158(b)(3).

